UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS (Dkt. 12, filed on November 4, 2024)

## I. INTRODUCTION

On August 1, 2024, plaintiffs Shayesteh Soroush ("Soroush") and Mohammad Akhavan Tabakh ("Tabakh") filed this action against defendants Antony J. Blinken, in his official capacity as United States Secretary of State, and Robert Jachim, in his official capacity as Acting Director of the Office of Screening, Analysis, and Coordination ("defendants"). Dkt. 1 ("Compl."). Soroush and Tabakh assert four claims for relief, all arising out of an allegedly unreasonable delay in processing Tabakh's visa application: (1) mandamus to compel agency action, pursuant to 28 U.S.C. § 1361; (2) violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), for unlawful withholding of agency action; (3) violation of the APA, 5 U.S.C. § 706(1), for withholding of a mandatory entitlement; and (4) violation of the APA, 5 U.S.C. § 555(b), for unreasonably delayed adjudication. Id. ¶¶ 106-174.

On November 4, 2024, defendants filed the instant motion to dismiss. Dkt. 12 ("Mot."). On January 5, 2025, Soroush and Tabakh ("plaintiffs") filed their opposition. Dkt. 13 ("Opp."). On January 13, 2024, defendants filed their reply. Dkt. 14 ("Reply").

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

## II. BACKGROUND

Plaintiffs allege the following facts in their complaint. Plaintiff Soroush is a United States citizen residing in Los Angeles. Compl. ¶¶ 1, 26. Plaintiff Tabakh, Soroush's spouse, is an Iranian national, currently living in Iran. Id. ¶ 75. Defendant Antony J. Blinken is the Secretary of the United States Department of State ("State Department"), with supervisory responsibility over the U.S. Embassy in Yerevan, Armenia. Id. ¶ 31. Defendant Robert Jachim is the Acting Director of the Office of Screening, Analysis, and Coordination within the State Department, responsible for screening and processing visa applications. Id. ¶ 32.

On September 21, 2021, Soroush filed a Form I-130, titled "Petition for Alien Relative," on behalf of her spouse, Tabakh, with United States Citizenship and Immigration Services ("USCIS"). Id. ¶ 76. USCIS subsequently approved the Form I-130, and on December 4, 2022, USCIS forwarded the approved petition to the National Visa Center for pre-processing. Id. ¶ 77. On April 17, 2023, Tabakh submitted a Form DS-260, titled "Online Immigrant Visa and Alien Registration Application," to the State Department's National Visa Center, along with supporting documentation. Id. ¶ 78. On May 2, 2023, the National Visa Center found that Tabakh was "documentarily qualified." Id. ¶ 79. Tabakh's visa application was originally assigned to the United States Embassy in Abu Dhabi, United Arab Emirates, but was reassigned to the U.S. Embassy in Yerevan, Armenia after a request from plaintiffs' counsel. Id. ¶ 80.

On March 4, 2024, Tabakh was interviewed by the Consular Section of the United States Embassy in Yerevan, Armenia. Id. ¶ 81. The consular officer who interviewed Tabakh informed him orally and through written notice that his visa application was being refused for further processing pursuant to Section 221(g) of the Immigration and Nationality Act ("INA"). Id. ¶ 82. The consular officer also requested that Tabakh complete and submit Form DS-5535, titled "Supplemental Questions for Visa Applicants," requesting 15 years of detailed history including addresses, employment, travel, and social media information. Id. ¶ 83. On March 11, 2024, Tabakh promptly completed and submitted his detailed response to the questionnaire. Id. On March 13, 2024, he resubmitted this information. Id.

As of the filing of this complaint, plaintiffs have not received a final adjudication of Tabakh's visa application, which is marked as "refused" on the State Department

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

website, and will "remain refused while undergoing [administrative processing]… you will receive another adjudication once such processing is complete." Id. ¶ 84-85. Plaintiffs fulfilled all necessary administrative requirements, including documentation and fees, to obtain the immigrant visa, but defendants have unreasonably delayed their final decision on whether Tabakh can immigrate to the United States. Id. ¶ 5.

The delay has placed severe emotional and financial strain on plaintiffs, who have been unable to plan for their future. Id. ¶ 6. Due to Soroush's criticism of the regime in Iran, it is not safe for her to return there to stay with her husband. Id. ¶ 93. Further, Soroush has started treatment for thyroid cancer and was taking care of her father, who was diagnosed with and recently passed away from pancreatic cancer—matters that are "impossible" for her to handle without her husband present in the United States. Id. ¶¶ 6-7, 95. The separation requires plaintiffs to maintain two homes, one in the United States and one in Iran, where "daily life has become unbelievably expensive." Id. ¶ 98. They are also unable to obtain the financial assistance that Tabakh "could provide if he were working in the United States." Id. ¶ 96. Meanwhile, they have spent "a considerable amount of money" on medical expenses, legal representation, and travel to visit each other. Id. ¶¶ 100-101. Plaintiffs informed the United States Embassy in Yerevan, Armenia about their circumstances, but they have not received a response. Id. ¶ 10.

## III. LEGAL STANDARD

### A. Rule 12(b)(6) Motion

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**B.  Rule 12(b)(1) Motion**

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

## IV. DISCUSSION

The Court starts by reviewing the requirements for relief under the APA and the Mandamus Act. Under the APA, a court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Similarly, under the Mandamus Act, a court has power to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Although the exact interplay between these two statutory schemes has not been thoroughly examined by the courts, the Supreme Court has construed a claim seeking mandamus under [the Mandamus Act], 'in essence,' as one for relief under § 706 of the APA." Indep. Min. Co., Inc. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997) (quoting Japan Whaling Ass'n v. Am. Cetacean Soc'y, 478 U.S. 221, 230 n. 4. (1986)). Accordingly, it appears that plaintiffs' first, third, and fourth claims collapse into a single claim for relief under Section 706(1) to compel agency action that has been unlawfully withheld or unreasonable delayed ("Section 706(1) claim"). See also Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney, 932 F.3d 1207, 1216 (9th Cir. 2019) (analyzing § 1361 and § 706(1) "together '[b]ecause the relief sought is essentially the same.'"). The Court, however, considers plaintiffs' Section 706(1) claim and Section 706(2) claim separately.

Defendants move to dismiss plaintiffs' Section 706(1) claim, arguing: (1) that plaintiffs have named defendants who cannot provide the requested relief; (2) that plaintiffs fail to demonstrate that the consular officer had a mandatory, non-discretionary duty to re-adjudicate the visa application; (3) that the consular nonreviewability doctrine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

precludes judicial review of plaintiffs' claims; and (4) that plaintiffs fail to plausibly allege that a five-month delay in re-adjudicating the visa application is unreasonable.[1] Mot. at 1. Defendants also move to dismiss plaintiffs' Section 706(2) claim, arguing that plaintiffs allege agency inaction properly evaluated under Section 706(1), not unlawfully withheld agency action under Section 706(2). Id. at 6, n.3.

The Court discusses each argument in turn.

    A.    **Section 706(1) Claim**

        1.    Named Defendants

Defendants argue that plaintiffs lack standing because neither Secretary Blinken nor Acting Director Jachim have a role in re-adjudicating plaintiff Tabakh's visa application, and therefore neither defendant can redress plaintiffs' alleged harm. Mot. at 5. Rather, according to defendants, the INA "grants consular officers exclusive authority to review applications for visas, precluding even the Secretary of State from controlling their determinations." Id. (citing Baan Rao Thai Rest. v. Pompeo, 985 F.3d 1020, 1024) (D.C. Cir. 2021) and Saavedra Bruno v. Albright, 197 F.3d 1153, 1156 (D.C. Cir. 1999)).

In opposition, plaintiffs argue that Secretary Blinken and Acting Director Jachim are proper defendants because they play an oversight role in visa processing, which is necessary to individual consular officers' decisions on visa applications. Opp. at 7. Plaintiffs contend that, while consular officers physically issue visas, they cannot decide on a particular visa application until processing by the Office of Screening, Analysis, and Coordination is complete, which is located in Washington, D.C. and overseen by the State Department. Id.

In reply, defendants restate their argument that neither Secretary Blinken nor Acting Director Jachim are personally responsible for the alleged delay. Reply at 1.

---

[1] Defendants also argue that the State Department is under no duty to issue all available visas, including family-preference visas. Mot. at 20. Plaintiffs did not respond to this argument, contending that they did not raise this claim and that it is irrelevant to Tabakh's immediate relative visa application. Opp. at 23. The Court agrees, as there is no claim in the complaint that all available immediate relative visas must be issued.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

The Court finds that defendants are properly named and can redress plaintiffs' alleged injury. While Baan Rao states that consular officers have exclusive authority to determine visa applications, it appears to the Court that plaintiffs do not challenge the determination of the consular officer working with Tabakh. Rather, plaintiffs challenge the allegedly "unreasonable delay" in adjudicating Tabakh's visa application. "[N]othing in Baan Rao or Saavedra Bruno precludes the Secretary… from directing consular officers 'to conclude ... matter[s] presented to [them]' 'within a reasonable time.'" Al-Gharawy v. U.S. Dep't of Homeland Sec., 617 F. Supp. 3d 1, 10 (D.D.C. 2022) (citing 5 U.S.C. § 555(b)). See also Durham v. Blinken, No. CV 24-02868 PSG (MRWX), 2024 WL 3811146, at *3 (C.D. Cal. Aug. 8, 2024) ("the Court is unpersuaded that Secretary Blinken cannot redress Plaintiffs' injury"); Momeni v. Blinken, No. 2:24-CV-04879-ODW (AGRX), 2024 WL 5112234, at *6 (C.D. Cal. Dec. 13, 2024) (same). Plaintiffs allege that Secretary Blinken has supervisory responsibility over the U.S. Embassy in Yerevan, Armenia and that Acting Director Jachim leads the office responsible for screening visa applications in administrative processing, which includes Tabakh's visa application. Compl. ¶¶ 31-32. Accordingly, the Court finds that defendants can redress the allegedly unreasonable delay in processing Tabakh's visa application and are properly named. See Aminzadeh v. Blinken, No. 2:24-CV-02025-DSF-MRW, 2024 WL 3811153, at *3 (C.D. Cal. Aug. 9, 2024) ("Secretary Blinken and Acting Director [of the Office of Screening, Analysis, and Coordination] Wu are properly named defendants.").

    2.    <u>Mandatory Duty</u>

Defendants argue that the Court lacks jurisdiction over plaintiffs' mandamus and APA claims because plaintiffs fail to demonstrate that the consular officer had a mandatory, non-discretionary duty to re-adjudicate the visa application. Mot. at 6. According to defendants, Congress gave the Secretary of State "broad, discretionary authority to administer and enforce the INA," including discretion to set "the form, manner, and place for a visa application." Id. at 7. Defendants argue that the "statutory grant of discretion over *how*" to issue visas "necessarily carries with it the direction to determine when" those decisions will be made. Id. (citing Karam v. Garland, No. CV 21-0915 (CKK), 2022 WL 4598626, at *7 (D.D.C. Sept. 30, 2022)). Defendants next contend that any duty the State Department had to act was satisfied, because a visa refusal under Section 221(g) of the INA (8 U.S.C. § 1201(g)) satisfies the duty owed to Tabakh under 22 C.F.R. § 42.81(a), "to issue or refuse the visa under . . . [Section 221(g)] or other applicable law.'" Id. at 7-8. Defendants rely on Karimova, where the D.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                   'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

Circuit affirmed the dismissal of a visa mandamus suit, finding that there was no non-discretionary duty to further process an application after refusal and thus no basis to compel agency action. Id. at 8-10 (citing Karimova v. Abate, No. 23-5178, 2024 WL 3517852, at *6 (D.C. Cir. July 24, 2024)). Defendants also note that in Karimova, the D.C. Circuit rejected the notion that a refusal under Section 221(g) is not "final." Id.

In opposition, plaintiffs first argue that defendants "misrepresent" plaintiffs' claims, as they are not seeking a re-adjudication of the Section 221(g) refusal of Tabakh's visa. Opp. at 8. Plaintiffs argue that a Section 221(g) refusal is not a final adjudication, but rather an attempt to temporarily comply with the statutory notice requirements of Section 212(b) of the INA. Id. at 9. Plaintiffs contend that a Section 221(g) refusal gives the applicant time to submit additional documentation and the government time to complete additional administrative processing. Id. Plaintiffs further contend that the authority relied upon by defendants is unpersuasive and factually distinguishable, and that the State Department website, the Foreign Affairs Manual, and the language of Section 221(g) show that no final visa denial has occurred. Id. at 10-11.

Next, plaintiffs argue that, contrary to defendants' assertions, adjudication of Tabakh's visa application is a purely ministerial, non-discretionary act, which defendants are required to perform in a timely manner. Id. at 11. Plaintiffs state that, under the APA, "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." Id. at 12. (citing 8 U.S.C. § 1202(b); 5 U.S.C. § 555(b)). Plaintiffs contend that resorting to the APA is appropriate here because no specific time frame is mandated by the relevant statutes. Id. Additionally, plaintiffs argue that the State Department's collection of visa application fees creates a nondiscretionary duty to complete the service for which the fee was paid. Id. Plaintiffs contend that the weight of authority supports their position, and that defendants' reliance on Karimova is misplaced, as it was an unpublished opinion in a different jurisdiction. Id. at 12-13.

In reply, defendants argue that plaintiffs mistake the State Department's *policy choice* regarding administrative processing with the State Department's *duty* under the law. Reply at 3. Additionally, defendants argue that Section 555(b)'s "reasonable time" requirement is only enforceable when there is a specific, unequivocal demand placed on the agency to take a discrete action and the agency failed to take that action. Id. Defendants also argue that plaintiffs' fee payment does not create an obligation for an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

application to be processed within a specific timeframe, and that even if it did, Tabakh's application was already adjudicated by means of the Section 221(g) refusal. Id. at 4.

As another court in this district has persuasively stated:

Section 555(b) generally requires agencies to "conclude a matter presented to it" "within a reasonable time," a statement which has been interpreted to mean that an agency has a duty to fully respond to matters that are presented to it under its internal processes. The use of the term "shall" in this statute is mandatory language that usually connotes a requirement. Because the court ascertains nothing about the context in which the word 'shall' is used indicates otherwise, the court agrees with Plaintiff [that] *[S]ection 555(b) requires the processing of a visa application within a reasonable time under the APA.*

[W]hile Section 555(b) provides some form of directive, it does not contain a time frame in which the agency must act. . . . [However,] *[c]ourts have consistently recognized that where [an] application is still undergoing administrative processing, even where a refusal has been relayed, the decision is not final.*

Andalib v. United States, No. 23-CV-01110-FWS-KES, 2024 WL 685945, at *4 (C.D. Cal. Feb. 9, 2024) (internal quotations and citations omitted).

Here, plaintiffs allege that after Tabakh's interview, he was informed "orally and through a written notice that his visa application was being refused for further processing under § 221(g) of the [INA]." Compl. ¶ 82. After additional documentation was requested and submitted, including Form DS-5535, the State Department website "continues to show that [Tabakh's] case is 'Refused'" and that "[his] case will remain refused while undergoing such processing [and he] will receive another adjudication once such processing is complete . . . [he] will be contacted if additional information is needed." Id. ¶ 85. Thus, plaintiffs appear to be challenging the amount of time Tabakh's application has remained in administrative processing, pending final adjudication as unreasonably delayed agency action, "which, at base, implicates the USCIS's duty to adjudicate immigrant visa applications before it." Andalib, 2024 WL 685945, at *5. Accordingly, the Court concludes that plaintiffs have sufficiently alleged a mandatory duty. Defendants contend that, even if a mandatory duty exists, it was satisfied by the Section 221(g) refusal. However, the Ninth Circuit has held that a visa application has not been refused properly if the refusal under Section 221(g) "is not a final decision."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                                    'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

Patel v. Reno, 134 F.3d 929, 932 (9th Cir. 1997). This Court therefore joins other courts in finding that "refusal for administrative processing is *not* a final decision and therefore does not discharge the agency's obligation to adjudicate visa applications." Aminzadeh, 2024 WL 3811153, at *4 (collecting cases). Accordingly, defendants' duty was not satisfied by the refusal of Tabakh's visa application on March 4, 2024.

      3.      Consular Nonreviewability Doctrine

Defendants argue that pursuant to the consular nonreviewability doctrine, federal courts do not have the power to review a consular officer's denial of a visa. Mot. at 11 (citing Dep't of State v. Muñoz, 602 U.S. 899, 908 (2024)). According to defendants, this suit is not a challenge to an alleged delay, but is in effect a challenge to the consular officer's March 2024 decision refusing Tabakh's visa application. Id. at 12. Defendants contend that plaintiffs cannot "plead around" consular nonreviewability. Id. Defendants argue that in Muñoz, the Supreme Court held that "[t]he Judicial Branch has no role to play unless expressly authorized by law," and that Congress has not authorized judicial review of a visa application refused under Section 221(g). Id. at 10-12.

In opposition, plaintiffs argue that the doctrine of consular nonreviewability does not apply when a suit challenges the authority of the consul to take or fail to take an action. Opp. at 14-15. Plaintiffs contend that authority relied upon by defendants, including Muñoz, is distinguishable because in those cases, a visa had been denied, whereas here, Tabakh's visa has been temporarily refused. Id. at 15.

In reply, defendants contend that plaintiffs fail to respond to defendants' argument that policies toward noncitizens are interwoven with the foreign relations and war powers, and are thus not appropriate for judicial review. Reply at 5. Defendants further argue that plaintiffs rely on "outlier case[s]," and that Muñoz should govern because the consular officer already refused Tabakh's application under Section 221(g). Id. at 7.

The Court finds that the doctrine of consular nonreviewability does not bar plaintiffs' Section 706(1) claim. "Normally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review. However, when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists." Patel, 134 F.3d at 931–32 (citations omitted). Here, because the refusal of Tabakh's visa application was not a final decision, but rather a refusal for further administrative processing, the doctrine of

Case 2:24-cv-06490-CAS-JC   Document 17   Filed 01/24/25   Page 11 of 14   Page ID #:320

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                                       'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

consular reviewability does not apply. See Tamjidi v. Blinken, No. 8:24-CV-00403 HDV JDE, 2024 WL 4328813, at *1 (C.D. Cal. Aug. 27, 2024) ("[T]he doctrine of nonreviewability does not apply here. Plaintiff is not contesting the substance of a consular decision, it is invoking the [APA] to compel the government to do its job and finish its review."); Abbassi v. Gaudiosi, No. 1:23-CV-01573-CDB, 2024 WL 1995246, at *4 (E.D. Cal. May 6, 2024) (agreeing with the "prevailing position among most other district courts… that the doctrine does not bar review of an as-yet final adjudication of a visa application in administrative processing").

    4.    <u>Plausibility</u>

Defendants next argue that, on the merits, plaintiffs fail to state a plausible claim for unreasonable delay. Mot. at 14. Defendants acknowledge that the APA authorizes suit by any person aggrieved by agency action, including a failure to act, when action is unreasonably delayed. Id. However, defendants argue that plaintiffs fail to satisfy the six factors that courts consider in analyzing unreasonable delay, as identified in Telecommunications Research and Action Center ("TRAC") v. F.C.C., 750 F.2d 70, 80 (D.C. Cir. 1984). According to defendants, these include:

> (1) the time agencies take to make decisions must be governed by a "rule of reason";
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                  'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

Id. at 14-15 (citing TRAC, 750 F.2d at 80). Defendants argue that the first two TRAC factors favor defendants, because of the government's wide discretion in the area of immigration processing and the relatively short length of delay alleged here. Id. at 15. Specifically, defendants contend that other courts have found that delays of up to four years were not unreasonable. Id. Defendants also argue that Congress has not required that immigrant visa applications be processed under any particular timeline, as decisions that implicate national security are "peculiarly within an agency's expertise." Id. at 16. Defendants next argue that the fourth TRAC factor favors defendants, because plaintiffs' lawsuit is an attempt to cut the line that would erode the ability of agencies to determine their own priorities. Id. at 18. Further, defendants contend that the third and fifth TRAC factors favor defendants, as plaintiffs' situation is sympathetic, but "not unique when considering the countless other applicants also with human welfare and interests at stake." Id. at 19. Because putting plaintiffs at the "front of the line" will direct resources away from more urgent applications, defendants argue that other noncitizens waiting for action will be prejudiced. Id. Turning to the sixth and final TRAC factor, defendants argue that it is neutral, as plaintiffs have not plausibly alleged that defendants or the consular officer acted in bad faith. Id. at 20.

In opposition, plaintiffs argue that their claims require fact-based inquires not suitable for disposition on a motion to dismiss. Opp. at 15. Nevertheless, plaintiffs argue that the TRAC factors weigh in their favor. Id. at 17. As for the first factor, plaintiffs contend that Tabakh's visa application has been pending more than 10 months since the March 2024 interview. Id. at 18. Plaintiffs state that courts have found that delays from nine months to two years were unreasonable. Id. Plaintiffs dispute that the first-in-first-out method of adjudication favors defendants, citing a declaration from former Acting Director of the Office of Screening, Analysis and Coordination Carson Wu, stating that this method is not used. Id. at 19. As for the second TRAC factor, plaintiffs argue that Congress created a timetable, citing 8 U.S.C. 1571(b): "the processing of an immigration benefit application should be completed no later than 180 days after the initial filing of the application." Id. Additionally, plaintiffs argue that State Department policies require that immediate relative visas be processed within 30 days of receipt of necessary information. Id. at 20. As for the fourth TRAC factor, plaintiffs contend that defendants fail to establish that there is a "queue" that Tabakh is waiting in, "let alone Tabakh's place" in the queue. Id. Given that the first-in-first-out method is not used, plaintiffs argue that "no queue exists." Id. at 21. As for the third and fifth TRAC factors, plaintiffs argue that they have been severely harmed by family separation, especially considering

Case 2:24-cv-06490-CAS-JC   Document 17   Filed 01/24/25   Page 13 of 14   Page ID #:322

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

Soroush's treatment for thyroid cancer. Id. at 22. As for the sixth factor, plaintiffs assert that defendants' assertion that "there is a queue based on a rule of reason" is misleading to the Court, constituting bad faith. Id. at 22-23.

In reply, defendants argue that under the first factor, the alleged five-month delay is not unreasonable. Reply at 9. Defendants assert that courts measure the length of delay by the latest government action, which is March 4, 2024—the date of Tabakh's interview. Id. As for the second factor, defendants argue that plaintiffs do not provide a directive from Congress for visas to be processed within a specific timeframe. Id. As for the fourth factor, defendants argue that the cited declaration from former Acting Director Wu does not suggest a lack of queue. Id. at 10. As for the third and fifth factors, defendants assert that family separation does not justify prioritizing an application. Id. at 11. As for the sixth factor, defendants argue that the declaration provided by plaintiffs does not involve administrative processing and is insufficient to prove bad faith. Id.

The Court finds that, "because the TRAC factor analysis is necessarily fact-intensive, it is more appropriately applied after some discovery than at the pleading stage." Tailawal v. Alejandro Mayorkas, Sec'y of Homeland Sec., No. CV-22-01515-SPG-RAO, 2022 WL 4493725, at *4 (C.D. Cal. Aug. 18, 2022); see, e.g., Hui Dong v. Cuccinelli, No. CV-2010030-CBM-PLAX, 2021 WL 1214512, at *4 (C.D. Cal. Mar. 2, 2021) (finding it premature to rule on satisfaction of TRAC factors at pleading stage); Gelfer v. Chertoff, No. CV 06-06724 WHA, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22, 2007) (denying motion to dismiss unreasonable delay claim because "[w]hat constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case"); A.C.C.S. v. Nelson, No. CV 18-10759-DMG (MRWx), 2019 WL 7841860, at *6 (C.D. Cal. Sept. 17, 2019) (finding TRAC factors are a "fact intensive inquiry" better suited for decision after discovery).

### B. Section 706(2) Claim

Defendants argue that the Court should dismiss plaintiffs' Section 706(2) claim and instead evaluate plaintiffs' allegations pursuant to Section 706(1). Mot. at 6, n.3. According to defendants, plaintiffs' allegations involve agency inaction, not unlawfully withheld agency action. Id. Plaintiffs do not address this argument in their opposition.

Section 706(2) provides, in part, that a reviewing court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 24, 2025 |
|---|---|---|---|
| Title | Shayesteh Soroush et al. v. Antony J. Blinken et al. | | |

abuse of discretion, or otherwise not in accordance with law . . . [or] [taken] without observance of procedure required by law." 5 U.S.C. § 706(2).

"To bring a claim under 5 U.S.C. § 706(2), plaintiffs must identify a final agency action upon which the claim is based." Hells Canyon Pres. Council v. U.S. Forest Serv., 593 F.3d 923, 930 (9th Cir. 2010) (citing 5 U.S.C. § 704). Plaintiffs allege in their complaint that "[t]he unlawful withholding and unreasonable delay in the adjudication and issuance of [Tabakh's] immigrant visa constitute a final agency action that is reviewable by this Court." Compl. ¶ 133. However, elsewhere in their complaint, plaintiffs allege that "[d]efendants have failed to issue a final decision on the visa application." Id. ¶ 169. Plaintiffs also argue in their opposition brief that they have not yet received a final adjudication. Opp. at 8. Notably, the doctrine of consular nonreviewability precludes judicial review of a consular officer's denial of a visa. Muñoz, 2024 WL 3074425, at *5. Thus, because plaintiffs have failed to identify a final agency action upon which their Section 706(2) claim is based, the Court finds that dismissal of their Section 706(2) claim is warranted.

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion to dismiss. The Court **DENIES** defendants' motion to dismiss plaintiffs' Section 706(1) claim and **GRANTS** defendants' motion to dismiss plaintiffs' Section 706(2) claim without prejudice.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |