UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 26, filed on August 8, 2025)

## I.    INTRODUCTION

On August 1, 2024, plaintiffs Shayesteh Soroush ("Soroush") and Mohammad Akhavan Tabakh ("Tabakh") filed this action against defendants Antony J. Blinken,[1] in his official capacity as United States Secretary of State, and Robert Jachim, in his official capacity as Acting Director of the Office of Screening, Analysis, and Coordination ("defendants"). Dkt. 1 ("Compl."). Soroush and Tabakh assert four claims for relief, all arising out of an allegedly unreasonable delay in processing Tabakh's visa application: (1) mandamus to compel agency action, pursuant to 28 U.S.C. § 1361; (2) violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), for unlawful withholding of agency action; (3) violation of the APA, 5 U.S.C. § 706(1), for withholding of a mandatory entitlement; and (4) violation of the APA, 5 U.S.C. § 555(b), for unreasonably delayed adjudication. Id. ¶¶ 106-174.

On January 24, 2025, the Court granted in part and denied in part defendants' motion to dismiss. Dkt. 17. The Court denied defendants' motion to dismiss plaintiffs' Section 706(1) claim and granted defendants' motion to dismiss plaintiffs' Section 706(2) claim without prejudice. Id. at 14.

---

[1] On January 21, 2025, Marco A. Rubio became the Secretary for the U.S. Department of State. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as a party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

On June 23, 2025, defendants produced the certified administrative record.  Dkt. 23 ("SOROUSH_CAR").[2]

On August 8, 2025, defendants filed the instant motion for summary judgment. Dkt. 26 ("Mot.").  On September 11, 2025, Soroush and Tabakh ("plaintiffs") filed their opposition.  Dkt. 31 ("Opp.").  On September 29, 2025, defendants filed their reply.  Dkt. 32 ("Reply").

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7–15.  Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The following facts are based on the certified administrative record and are not disputed:

Plaintiff Soroush, a United States citizen, filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services ("USCIS") on behalf of her spouse, plaintiff Tabakh.  SOROUSH_CAR at 10 ¶ 4.[3]  On November 30, 2022, USCIS approved that I-130 petition.  Id.  On December 5, 2022, the U.S. Department of State's National Visa Center received the I-130 petition from USCIS and created a case file with the case number YRV2024531003.  Id. at 10 ¶5.[4]  Tabakh's case became documentarily complete on May 2, 2023.  Id. at 10 ¶ 6.  National Visa Center staff scheduled Tabakh for an interview with a consular officer at the U.S. Embassy in Yerevan, Armenia for March

---

[2] Citations to the administrative record will use page numbers that correspond to the administrative record pagination rather than the ECF generated page numbers.  For example, SOROUSH_CAR at 1 refers to SOROUSH_CAR_001 and Dkt. 23 at 2.

[3] According to the complaint, plaintiff Soroush filed the Form I-130 on September 21, 2021.  Compl. ¶ 76.  The administrative record does not include this filing date, but defendants do not argue that it is a disputed fact.

[4] According to the complaint, plaintiff Tabakh submitted a Form DS-260, visa application, to the National Visa Center with supporting documentation on April 17, 2023.  Compl. ¶ 78.  The administrative record does not include this filing date, but defendants do not argue that it is a disputed fact.  Moreover, Exhibit A to the complaint is a confirmation of submission that shows the same date.  See Dkt. 1-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

4, 2024, and transferred the case file to the U.S. Embassy in Yerevan on February 6, 2024. Id. at 10 ¶ 7.

On March 4, 2024, Tabakh appeared for a consular interview at the U.S. Embassy in Yerevan and made and executed an application for an immigrant visa. Id. at 10 ¶ 8. On the same date, the consular officer refused Tabakh's visa application under § 221(g) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1201(g). Id. The consular officer determined that Tabakh failed to demonstrate his eligibility for the visa sought and that additional security screening was required. Id.

On March 4, 2024, consular staff at the U.S. Embassy in Yerevan sent a list of questions consistent with Form DS-5535, Supplemental Questions for Visa Applicants, to Tabakh. SOROUSH_CAR at 11 ¶ 9. On or about March 7, 2024, the U.S. Embassy in Yerevan received Tabakh's answers to questions consistent with Form DS-5535, Supplemental Questions for Visa Applicants. Id. at 11 ¶ 10. Tabakh's visa application remains refused under § 221(g), 8 U.S.C. § 1201(g). Id. at 11 ¶ 11.

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.    DISCUSSION

The Court starts by reviewing the requirements for relief under the APA and the Mandamus Act. Under the APA, a court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Similarly, under the Mandamus Act, a court has power to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Although the exact interplay between these two statutory schemes has not been thoroughly examined by the courts, the Supreme Court has construed a claim seeking mandamus under [the Mandamus Act], 'in essence,' as one for relief under § 706 of the APA." Indep. Min. Co., Inc. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997) (quoting Japan Whaling Ass'n v. Am. Cetacean Soc'y, 478 U.S. 221, 230 n. 4. (1986)). Accordingly, it appears that plaintiffs' claims collapse into a single claim for relief under Section 706(1) to compel agency action that has been unlawfully withheld or unreasonable delayed ("Section 706(1) claim"). See also Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney, 932 F.3d 1207, 1216 (9th Cir. 2019) (analyzing § 1361 and § 706(1) "together '[b]ecause the relief sought is essentially the same.'").

Plaintiffs contend that defendants have a mandatory duty to review and adjudicate Tabakh's visa application to a final conclusion within a reasonable time. Opp. at 1. Defendants argue that plaintiffs fail to identify a clear, non-discretionary duty that defendants owe to plaintiffs, and that the consular officer's refusal of Tabakh's visa application under 8 U.S.C. § 1201(g) satisfies the consular officer's sole duty to act. Mot. at 9, 10. Defendants also argue that the Court should decline to review the consular officer's visa refusal and instead grant judgment for defendants because consular nonreviewability precludes judicial review. Id. at 12. In the alternative, defendants argue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

that Tabakh's visa application has not been unreasonably delayed under the six-factor test set forth in <u>Telecommunications Research and Action Center ("TRAC") v. F.C.C.</u>, 750 F.2d 70, 80 (D.C. Cir. 1984). Mot. at 16. Plaintiffs, in turn, argue that they are entitled to summary judgment because defendants' ongoing delay in completing a final decision on Tabakh's visa application is unreasonable under the multi-factor <u>TRAC</u> analysis. Opp. at 18.

### A.      Defendants' Mandatory Duty to Adjudicate Tabakh's Visa Application

Defendants argue that the only duty owed to plaintiffs under the INA or federal regulations was fulfilled when the consular officer refused Tabakh's visa application under 8 U.S.C. § 1201(g). Mot. at 7. Defendants acknowledge that the Court previously held that the refusal of Tabakh's visa application "was not a final decision, but rather a refusal for further administrative processing." Mot. at 7 (quoting dkt. 17 at 10). However, defendants argue that a distinction between a final and a non-final visa refusal is beside the point because a refusal satisfies any duty that was owed. <u>Id.</u> at 11. Defendants contend that the consular officer's refusal of Tabakh's visa application under 8 U.S.C. § 1201(g) satisfied the consular officer's duty to either issue the visa or refuse the visa under 22 C.F.R. § 42.81(a). <u>Id.</u> at 10. Defendants argue that there is no finality requirement in the operative statute or regulations, and courts are not free to impose additional judge-made rules where Congress has granted discretion to the agency. <u>Id.</u> at 7-8. Defendants argue that the Court's consideration of a consular officer's decision to refuse a visa application as not "final" and inquiry into the reasonableness of delay would necessarily require the Court to review the underlying reasons for the consular officer's decision, which the consular nonreviewability doctrine is intended to prevent. <u>Id.</u> at 7. According to defendants, there is no specific, statutory duty placed on defendants to take the discrete action of adjudicating Tabakh's visa application to a final conclusion. <u>Id.</u> at 8. Defendants argue that the allocation of consular resources, including consular officer adjudication of visas, is discretionary, and this discretion over the visa process includes the pace of visa adjudications. <u>Id.</u> at 9. Defendants argue that absent a clear, nondiscretionary duty, an agency's delay to act, however long, cannot be unlawful or unreasonable. <u>Id.</u>

In opposition, plaintiffs argue that 8 U.S.C. § 1202(b)'s requirement that "all immigrant visa applications shall be reviewed and adjudicated by a consular officer," imposes a mandatory non-ministerial duty on consular officers to review, adjudicate, and issue visas. Opp. at 6. Plaintiffs argue that courts have identified 8 U.S.C. § 1202 (b)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

and (d) as creating a duty to adjudicate visa applications to finality.  Id. (citing cases). Plaintiffs argue that a temporary refusal after the visa interview does not satisfy the duty to review and adjudicate as required by the unequivocal command of 8 U.S.C. § 1202(d). Id. at 7.  Thus, plaintiffs argue that defendants' duty was not satisfied by the refusal of Tabakh's visa application by the consular officer on March 4, 2024.  Id.  Plaintiffs argue that principles of statutory interpretation support the conclusion that "adjudicate" means to determine finally.  Id. at 8 (citing cases).  Plaintiffs argue that a mandatory duty to act exists even where there is no statutory or regulatory provisions that mandate deadlines or time limits for such action.  Id.  Plaintiffs contend that defendants' mandatory duty to review and adjudicate Tabakh's visa application is not complete because the visa application is pending further administrative processing.  Id.  Plaintiffs contend that if there had been a final determination of Tabakh's ineligibility for a visa, the embassy would be obligated to give Tabakh a refusal notice stating one of the substantive ineligibility grounds, inform Tabakh of any waiver available, and reconsider the refusal if Tabakh provided information for mandatory reconsideration under 22 C.F.R. 42.81(e). Id. at 9.  Plaintiffs argue that the refusal of Tabakh's visa application for administrative processing is not a final agency action according to the criteria in Bennett v. Spear, 520 U.S. 154, 178 (1997), because it is merely tentative, as evidenced by the fact that visa statistics from 2022 show that approximately 93.4% of visa applications initially refused under INA § 221(g) were ultimately issued, and because the refusal is not a decision from which legal consequences will flow, whereas a determination of ineligibility would trigger waiver eligibility or the need to file a new application.  Mot. at 9.  Plaintiffs argue that § 221(g) is not a basis to ultimately determine substantive eligibility and therefore an application refused for further administrative processing cannot be deemed finally denied because the INA imposes a duty on the State Department to deem an applicant eligible or ineligible.  Id. at 11.

In reply, defendants repeat their argument that plaintiffs fail to identify an unsatisfied, mandatory, nondiscretionary duty that exists for the consular officer under the APA or mandamus.  Reply at 1.  Defendants contend that Tabakh's visa application is no longer under consideration because a consular officer refused the visa application and it remains refused unless and until the officer later re-opens and re-adjudicates the application.  Id.  Defendants argue that the reconsideration mechanism available to plaintiffs under 22 C.F.R. 42.81(e) does not require defendants to do anything more than provide the refusal notice already provided to plaintiffs.  Id. at 2.  Defendants argue that plaintiffs invent a "finality" element to visa refusals that is neither required nor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

contemplated by statute or regulation.  Id.  According to defendants, even if the statute or regulations require finality, a 1201(g) refusal is a definitive decision that the applicant failed to carry his burden of showing eligibility at the interview, in satisfaction of the statute and implementing regulation.  Id. at 2-3 n.2.

Defendants do not appear to dispute that the 8 U.S.C. § 1202(b) and 22 C.F.R. 42.81 impose a mandatory duty upon defendants to "adjudicate" Tabakh's visa application.  See Mot. at 9-10.  Instead, defendants consider the consular officer's "refusal" of Tabakh's visa application on March 4, 2024, to have satisfied this duty to act.  Id.  Defendants principally rely on Karimova v. Abate, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), where the D.C. Circuit affirmed the dismissal of a visa mandamus suit, finding that there was no non-discretionary duty to further process an application after refusal and thus no basis to compel agency action.  The Court is not persuaded by the holding of Karimova.[5]  The Ninth Circuit has held that a visa application has not been refused "within the meaning of 22 C.F.R. § 42.81" if the refusal under Section 221(g) "is not a final decision."  Patel v. Reno, 134 F.3d 929, 932 (9th Cir. 1997).  Thus, in rejecting the same argument by defendants at the motion to dismiss stage, the Court joined other courts in the Central District of California in finding that "refusal for administrative processing is *not* a final decision and therefore does not discharge the agency's obligation to adjudicate visa applications."  Dkt. 17 at 10 (quoting Aminzadeh v. Blinken, No. 2:24-CV-02025-DSF-MRW, 2024 WL 3811153, at *4 (C.D. Cal. Aug. 9, 2024) (collecting cases)).

---

[5] Karimova is an unpublished, out-of-circuit decision that is not binding on this Court. Numerous courts, including in this district, have declined to follow Karimova.  See, e.g., Qubadi v. Bitter, No. 2:25-CV-00500-MWC-JPR, 2025 WL 2428004, at *3 n.2 (C.D. Cal. July 16, 2025); Besarati v. Rubio, No. CV 24-09714-MWF (AJRX), 2025 WL 1141166, at *4 (C.D. Cal. Mar. 11, 2025); Daneshvar v. Blinken, No. 8:24-CV-00838-FWS-DFM, 2024 WL 5410448, at *5 n.3 (C.D. Cal. Nov. 21, 2024); Aldurra v. United States Dep't of State, No. 25CV1322 DMS (DEB), 2026 WL 63471, at *2 (S.D. Cal. Jan. 8, 2026); Maadarani v. Mayorkas, No. 2:24-CV-1325 DC SCR (PS), 2024 WL 4674703, at *8 (E.D. Cal. Oct. 31, 2024); Ahmed v. Blinken, 759 F. Supp. 3d 1, 10 n.4 (D.D.C. 2024); Hajizadeh v. Blinken, No. CV 23-1766, 2024 WL 3638336, at *3 n.3 (D.D.C. Aug. 2, 2024).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

A refusal for administrative processing under Section 221(g) does not satisfy the duty to adjudicate because the adjudication has not been completed. A refusal for administrative processing "has the effect of placing [plaintiff's] application in limbo—[his] visa application was neither granted nor refused in such a way that [he] now has an opportunity to request reconsideration of the refusal under 22 C.F.R. § 42.81." Lailaa Iqbal v. Blinken, No. 2:23-cv-01299-KJM-CSK, 2024 LX 178265, at *15 (E.D. Cal. Aug. 21, 2024). Defendants are not waiting for Tabakh to provide additional evidence. "Rather, the government is undergoing a security vetting process on its own without additional input from the applicant." Id.

The Court previously addressed defendants' argument regarding the doctrine of consular nonreviewability. Dkt. 17 at 10-11. Consular nonreviewability does not apply to plaintiffs' Section 706(1) claim because the refusal of Tabakh's visa application for administrative processing was not a final decision. Id. Accordingly, defendants have a mandatory, nondiscretionary duty to adjudicate—to a final decision—Tabakh's visa application and must satisfy that duty within a reasonable time.

**B.    Defendants' Delay in Adjudicating Tabakh's Visa Application is Unreasonable**

Having held that defendants have a nondiscretionary duty to adjudicate Tabakh's visa application, the Court next considers whether defendants' delay is unreasonable. Courts within the Ninth Circuit apply the six-factor TRAC test. See In re Nat. Res. Def. Council, Inc., 956 F.3d 1134, 1138 (9th Cir. 2020) (citing TRAC, 750 F.2d at 79-80). These factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

Id.

1.        Factor One: Rule of Reason

The first factor, the "rule of reason," is the most important factor, but no factor is dispositive. In re A Community Voice, 878 F.3d 779, 786 (9th Cir. 2017). "In the context of an immigration visa application, the first factor requires courts to consider both the length of the delay and the reasons for the delay." Shahijani, 2023 WL 6889774 at *4 (citing Poursohi v. Blinken, 2021 WL 5331446, at *5 (N.D. Cal. Nov. 16, 2021)). In the Ninth Circuit, "a reasonable time for agency action is typically counted in weeks or months, not years." In re Nat. Res. Def. Council, Inc., 956 F.3d at 1139 (quoting In re A Community Voice, 878 F.3d at 787).

Defendants argue that the delay, while Tabakh's visa application undergoes administrative processing, is in line with the time that courts typically consider reasonable in the immigration context. Mot. at 17. Defendants argue that additional security screening, which involves interagency coordination, explains the delay. Mot. at 18 (citing SOROUSH_CAR at 12-16). Defendants argue that the office that conducts the security vetting process has a limited number of analysts to handle tens of thousands of annual requests for review. Id.

In opposition, plaintiffs argue that there is no indication that the delay is attributable in whole or in part to plaintiffs. Opp. at 21. Furthermore, plaintiffs contend that other applicants have been processed to conclusion while plaintiffs have been seemingly passed over, suggesting there is no administrative queue for processing. Id. Plaintiffs argue that defendants have refused to provide any timeline for completion of administrative processing nor any indication of where Tabakh's case is in the screening process. Id. Plaintiffs contend that the administrative record shows that the delay in Tabakh's case is unreasonable because defendant Jachim attests that "generally, security vetting is concluded in 75 percent of visa cases requiring additional security vetting in less than 60 days" and "security vetting is concluded in over 90 percent of all cases requiring security vetting in less than 12 months." Id. at 22 (quoting SOROUSH_CAR at 16 ¶ 27). Plaintiffs argue that courts have found that visa delays from nine months to two years were unreasonable. Opp. at 24 (citing cases).

In reply, defendants argue that courts measure the length of delay by the latest government action, which here was March 4, 2024, when the consular officer refused

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

Tabakh's visa application for administrative processing. Reply at 11. Defendants contend that plaintiffs miscalculate the start date for any delay in adjudicating Tabakh's visa application by starting when Sorosuh filed because a Form I-130 with USCIS or when Tabakh filed a Form DS-260. Id. at 11. Defendants argue that a visa application requires the applicant's personal appearance before a consular officer, verification of the DS-260 and supporting documents, and processing fee payment. Id. (citing 22 C.F.R. 40.1(1)(2). Thus, according to defendants, plaintiffs did not make their visa application until Tabakh appeared for his interview at the U.S. Embassy on March 4, 2024. Id. Defendants also argue that defendant Jachim's statement about the general length of security screening processes for 90 percent of cases does not undermine the reasonableness of a longer process for security screening, which is necessarily case-specific. Id.

In the context of I-130 visa applications, courts in this district have calculated the delay from the date of the applicant's interview to the court's decision. See Ferdowski v. Blinken, No. 823CV01123JWHKES, 2024 WL 685912, at *4 (C.D. Cal. Feb. 12, 2024). According to the administrative record, Tabakh appeared for a consular interview at the U.S. Embassy in Yerevan, Armenia, and made and executed an application for an immigrant visa on March 4, 2024. SOROUSH_CAR at 10 ¶ 8. To date, Tabakh's visa application has not been adjudicated. Thus, the delay in adjudication is approximately 23 months and counting.

"What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." Islam v. Heinauer, 32 F. Supp. 3d 1063, 1071 (N.D. Cal. 2014) (citation omitted). According to defendants, the source of delay in this case is administrative processing, which includes security screening. The Court recognizes that security screening takes time. "However, the mere invocation of national security is not enough to render agency delay reasonable per se." Singh v. Still, 470 F. Supp. 2d 1064, 1069 (N.D. Cal. 2007) (finding that the government's claim of "[security] issues requiring further inquiry" was insufficient absent "further information"). "National security interests and the complexity of the background check process can only excuse reasonable delay." Chen v. Chertoff, No. C 07-2816 MEJ, 2008 WL 205279, at *3 (N.D. Cal. Jan. 23, 2008). Defendants do not provide any information as to why a security screening is required in this case or why it has taken so long to complete relative to the average security vetting processing times. Although many courts find delays of less than four years in the immigration context to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

not unreasonable, there is no bright-line rule.  Compare  Shahijani, 2023 WL 6889774 at *4 ("In the immigration context, courts typically hold that a delay of less than four years is not considered unreasonable.") with Liangda Feng v. Rand Beers, No. 2:13-cv-02396 JAM DAD, 2014 U.S. Dist. LEXIS 33908, at *10 (E.D. Cal. Mar. 14, 2014) ("Given these conflicting indicia, the reasonableness of the 16-month delay turns almost entirely on what exactly USCIS has been doing during that period.  If it has been diligently investigating the validity of Plaintiff's marriage, then the delay is likely reasonable.  If it has merely placed Plaintiff's petition on the back-burner, the delay is likely unreasonable.).  The Court concludes that defendants have not sufficiently shown that the 23-month delay in this case is reasonable as a matter of law.  However, given the possibility that there may be a reasonable justification for the delay, the Court finds that there remains a genuine issue of fact in the application of the first TRAC factor.

  2. Factor Two: Congressionally Provided Timetable

  The second TRAC factor asks whether "Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute." In re Nat. Res. Def. Council, Inc., 956 F.3d at 1138.

  Defendants argue that there is no congressionally provided timetable for visa adjudications.  Mot. at 19.  Defendants argue that plaintiffs inappropriately rely on legislation and internal guidance that does not impose a mandated adjudication timetable. Id.

  In opposition, plaintiffs argue that defendants have an obligation of 30 days in which to process immediate relative cases, arising out of the Foreign Affairs Manual ("FAM").  Opp. at 25.  Plaintiffs also contend that 8 U.S.C. § 1571(b) indicates Congress's intention that visa applications are processed within six months.  Id.

  In reply, defendants argue that FAM's guidelines are not congressionally imposed timelines and do not carry the force of law, and 8 U.S.C. 1571's language is "non-binding legislative dicta" that does not create a mandatory processing timeframe.  Reply at 12-13 (quoting Mohsenzadeh v. Kelly, 276 F.Supp.3d 1007, 1014 (S.D. Cal. 2017) (quoting Yang v. Cal. Dep't of Soc. Servs., 183 F.3d 953, 961-62 (9th Cir. 1999))).

  8 U.S.C. § 1571(b) provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

> It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.

8 U.S.C. § 1571(b).

> The FAM, under the section entitled "Timeliness of Interview," states:

> The interview with you is the most significant part of the visa issuing process to ensure the full and correct application of the law. Section 237 of Public Law 106-113 and subsequent legislation require that the Department establish a policy under which immediate relative (and fiancé(e)) visas be processed within 30 days of receipt of the necessary information from the applicant and the Department of Homeland Security (DHS); all other family-based IV*s* must be processed within 60 days. The Department expects all IV units to strive to meet the 30/60-day requirements.

9 FAM 504.7-2(b).

The Court agrees with other courts in the district that "Congress has not prescribed a timetable for processing immigrant visa adjudications." Mahonak v. Rubio, No. 8:24-CV-01443-FWS-DFM, 2025 WL 449044, at *16, *16 n.11 (C.D. Cal. Feb. 10, 2025) (explaining that 8 U.S.C. § 1571 does not supply a timetable both because it is not binding language and because plaintiffs did not identify any authority suggesting that it applies to the State Department's processing of visa applications, as opposed to USCIS's processing of immigrant benefit applications). Furthermore, the Court agrees with defendants that the FAM does not provide a relevant timetable for the TRAC analysis in this case. First, the FAM is not congressionally provided. Second, even if it was a congressionally provided timetable, the 30-day processing timeline appears to begin upon "the receipt of the necessary information from the applicant *and the Department of Homeland Security (DHS)*." 9 FAM 504.7-2(b) (emphasis added). While plaintiffs have provided all requested information for Tabakh's visa application, there may still be information from DHS that is needed to process the visa application. See SOROUSH_CAR at 15 ¶ 21. Nonetheless, "the absence of a quantified timetable does not mean that an agency may take as much time as it sees fit." Liangda Feng v. Rand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

Beers, 2014 U.S. Dist. LEXIS 33908 at *11. Accordingly, the Court finds that the second TRAC factor does not weigh in favor of either party.

> 3.    Factors Three and Five: Nature of Interests

"Courts often consider the third and fifth factors together, evaluating the health and human welfare and interests prejudiced by the delay." Shahijani, 2023 WL 6889774, at *4 (citation omitted). Here, plaintiffs allege that they have suffered significant harm from family separation, including extreme emotional distress and financial hardship. Opp. at 30. Defendants acknowledge that plaintiffs' situation is "sympathetic," and only respond that it is not unique when considering the other visa applicants with human welfare and interests at stake. Mot. at 21. In light of "the significant harm and emotional distress that family separation causes," the Court finds the third and fifth TRAC factors to weigh strongly in favor of plaintiffs. R. v. U.S. Citizenship & Immigr. Servs., No. 2:23-CV-05460 DDP-ASX, 2023 WL 9197564, at *4 (C.D. Cal. Dec. 6, 2023).

> 4.    Factor Four: Effect of Expediting Delayed Action on Higher or Competing Priorities

Defendants argue that the fourth TRAC factor effectively precludes this lawsuit because plaintiffs demand to be prioritized in front of other visa applicants awaiting action. Mot. at 21. Defendants also argue that the fourth TRAC factor weighs in their favor because of the impact any order may have on foreign policy and national security priorities of the United States. Id. at 22.

In opposition, plaintiffs argue that they are not seeking to have Tabakh's visa application prioritized but only to have it processed in a timely manner. Opp. at 28. Plaintiffs argue that administrative processing requests are not addressed or resolved in a first-in, first-out basis, and it is evident that no queue exists. Id. Plaintiffs argue that defendants have not produced evidence of any line or what their competing foreign policy or national security priorities are. Id. Plaintiffs contend that Tabakh's visa application should already be at the front of the "queue" given the length of processing delay. Id. at 29.

In reply, defendants argue that plaintiffs' contention that there is no "queue" is meritless and focuses on semantics. Reply at 13. Defendants argue that the fourth TRAC factor is concerned with limiting judicial interference with agency decisions on how to prioritize their activities and utilize finite resources. Id. Defendants contend that post-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|----------|------------------------|------|------------------|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

refusal administrative processing necessarily cannot be conducted on a first-in, first-out basis because it may involve an assessment of information which may be collected from other sources not within defendant's control. Id. (citing SOROUSH_CAR at 14-16).

The Court agrees with plaintiffs that defendants have failed to show that this case presents a circumstance where if "the Court [were] to order [d]efendants to expedite the processing of [Tabakh's] application, the effect would be to move [Tabakh] to the front of the line and all other similarly situated applicants back." Liu v. Denayer, No. CV 21-6653-DMG-MRWX, 2022 WL 17370527, at *5 (C.D. Cal. July 18, 2022). Indeed, defendants concede that administrative processing does not occur on a first-in, first-out basis. Reply at 13. However, there is no question that an order to expedite the adjudication of Tabakh's visa application would require the use of finite agency resources. SOROUSH_CAR at 12-16. Defendants have not demonstrated that the diversion of these resources would unduly burden higher or competing agency priorities. On the other hand, plaintiffs have not shown that there would not be any burden. Accordingly, the Court finds that the fourth TRAC factor is neutral because there remain genuine issues of fact as to the potential burden of an order.

5.    Factor Six: Agency Bad Faith

Defendants argue that plaintiffs do not allege bad faith, and the Court should not presume any bad faith merely based on the allegation of delay in the post-refusal administrative process which may or may not lead to new information that might, at some point, warrant revisiting the refusal. Mot. at 23-24. Defendants conclude that the sixth TRAC factor weighs against relief or is at most neutral. Id. at 24.

In opposition, plaintiffs argue that defendants have acted in bad faith by continuing to require the DS-5535 questionnaire from Iranian applicants without any mechanism to submit it before the interview, which creates delay. Opp. at 31. Plaintiffs also argue that defendants misled the Court about the existence of a queue and have made no effort in good faith to address their delay. Id.

In reply, defendants argue that Congress expressly permitted the Secretary of State to determine which visa applicants must provide DS-5535 information and when it must be provided. Reply at 15 (citing 8 U.S.C. § 1202(a)). Defendants also argue that they make no such claim regarding a queue for administrative processing and plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

allegations of impropriety based only on the timing are unsubstantiated and insufficient to show bad faith.  Id.

The Court finds that the sixth TRAC factor is neutral because there is no evidence in the record of defendants' good faith, such as a particularized explanation for the delay or demonstration of actions to address the delay.  At the same time, there is also no evidence of defendants' bad faith.

      6.     Conclusion of TRAC Analysis

The third and fifth TRAC factors weigh in favor of plaintiffs, while the remaining TRAC factors, including the most important, first factor, are neutral.  The Court concludes that genuine issues of fact remain as to the reasonableness of the delay in this case and the impact that an order would have on defendants' competing priorities.  Thus, on the current record, neither plaintiffs nor defendants are entitled to judgment as a matter of law.  The Court recognizes that it may be difficult or impossible for defendants to disclose the particular reasons for delay in a security vetting process.  However, "at some point the length of the period taken to process an application, by itself, will generate considerable momentum in favor of a finding that the delay by the agencies is clearly unreasonable."  Razaq v. Poulos, No. C06-2461 WDW, 2007 WL 61884, at *13 (N.D. Cal. Jan. 8, 2007).   At such a point, "fairness would compel the court to shift the burden of persuasion to the government and to issue the writ unless the government could show, by competent evidence that speaks in detail to special circumstances and justifications, that a period that appears presumptively excessive is not unreasonable."  Id.  Accordingly, the Court denies both parties' requests for summary judgment without prejudice as to plaintiffs filing a motion for summary judgment at a later time.

**V.**    **CONCLUSION**

In accordance with the foregoing, the Court **DENIES** defendants' motion for summary judgment.  The Court retains jurisdiction over this action.

The Court **ORDERS** plaintiffs and defendants to submit a joint statement on May 29, 2026, on the status of the adjudication of Tabakh's visa application.  If defendants have not discharged their mandatory duty to adjudicate Tabakh's visa application by that date, the parties must also state the reason for the ongoing delay, including whether plaintiffs have not provided any requested information to defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                     'O'

| Case No. | 2:24-cv-06490-CAS-JCx | Date | January 30, 2026 |
|---|---|---|---|
| Title | Shayesteh Soroush et al v. Marco A. Rubio et al | | |

The Court **SETS** a status conference for June 8, 2026, at 11:00 a.m. by Zoom.  Zoom Webinar Information can be found on the Court's Website, under Judge Snyder's Procedures and Schedules.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
| Initials of Preparer | | | CMJ | |